UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HERNANDEZ<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES, et al.,<br><br>Defendants. | CASE No. 1:13-cv-01468-LJO-DLB (PC)<br><br>FIRST SCREENING ORDER, DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.    Background**

Plaintiff Francisco Herndandez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.   Plaintiff filed his complaint on September 12, 2013, which is presently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California, where the events giving rise to this action occurred. Plaintiff names California Correctional Healthcare Services and Does 1-15 as defendants in this action.

Plaintiff alleges the following. Plaintiff is disabled as defined by federal and state law. In March 2005, Plaintiff sought treatment from defendants for his serious and debilitating ailments concerning degenerative disks and severe back pain immobility and damaged knee. Approximately one month later, Plaintiff's ailments began to get worse, as noted by defendants. Defendants offered no qualifying or adequate remedy for Plaintiff's severe pain. Prison officials barred Plaintiff from participating in the only federal vocational activities/service offered at the substance abuse facility because of Plaintiff's disabilities. Defendants told Plaintiff that he would be scheduled to see an orthopedist and neurologist, but Plaintiff never saw them. Plaintiff's pain worsened and he began to experience dizziness, nausea, and debilitating numbness. Plaintiff suffers from a degenerative disc disorder with swelling of the nerves near his spine, spinal stenosis with a pin in his back, and arthritis. Plaintiff's pain is constant and it disrupts his sleeping pattern. The defendants have failed to address Plaintiff's medical issues.

On June 28, 2005, Plaintiff sought treatment from defendants for his severe back pain, headaches, and numbness in his leg. Plaintiff sought medical treatment again on November 10, 2005 for his constant pain, vomiting, and extreme headaches. On February 1, 2006, Plaintiff notified Defendants the he suffered dizziness, blackouts, and that the pain in his back was unbearable. Defendants gave Plaintiff pain medication that did nothing to help with his pain.

As of January 23, 2009, Plaintiff had been in constant pain for about four years and defendants failed to provide proper treatment. On June 2, 2009, Plaintiff again notified defendants of his ongoing back pain, headaches, blackouts, and left-leg numbness. On August 15, 2009,

Plaintiff requested that defendants perform a follow-up examination for his knee. Plaintiff was unable to bend his knee, which worsened his back pain. On June 25, 2011, Plaintiff contacted defendants regarding his back pain. Plaintiff was unable to stand up, he had severe back pain, and he could not sleep.

Plaintiff asserts violations of the Eighth Amendment, Americans with Disabilities Act ("ADA"), and state law negligence. Plaintiff requests injunctive relief and compensatory and punitive damages.

**III.    Analysis**

   A.    <u>Eighth Amendment—Medical Deliberate Indifference</u>

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

3

2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id.* The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. *Toguchi*, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1046 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff fails to state a claim for medical deliberate indifference against any defendants. Although Plaintiff alleges that he informed doe defendants of his need for medical treatment, he fails to include sufficient factual detail as to whether defendants were actually aware of his need for treatment. *Toguchi*, 391 F.3d at 1057. Plaintiff alleges that defendants failed to

4

treat him properly for four years. However, difference of opinion between a physician and the prisoner or between medical professionals concerning what medical care is appropriate does not amount to deliberate indifference. *Snow,* 681 F.3d at 987. Accordingly, Plaintiff fails to state any claims for medical deliberate indifference to support an Eighth Amendment claim.

B.  State Law Claims—Negligence

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a claim for negligence against any defendants.

C.  ADA

Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pa. Dept. of Corrs. v. Yeskey,* 118 S.Ct. 1952, 1955 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996). "

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052. Facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced. *See, e.g., Martin v. PGA Tour, Inc.*, 204 F.3d 994, 999–1000 (9th Cir. 2000) (holding that a golf association rule banning use of golf carts in certain tournaments violated the ADA when it failed to modify this rule for a disabled golfer with a mobility impairment), aff'd, 532 U.S. 661 (2001).

A plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages. *See Phiffer v. Colum. River Corr. Inst.,* 384 F.3d 791 (9th Cir. 2004); *Lovell,* 303 F.3d at 1050-51. However, a plaintiff cannot seek damages pursuant to the ADA against the defendants in their individual capacities. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). To the extent a plaintiff seeks to pursue claims against any individual defendant for violations of the ADA, he may do so only with respect to seeking injunctive relief and only as to individual defendants he has named in their official capacities. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187–88 (9th Cir. 2003) (Title II's statutory language does not prohibit injunctive action against state officials in their official capacities); *see also Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (plaintiffs seeking only prospective injunctive relief from defendants in their official capacities).

Here, the Court finds that Plaintiff fails to state an ADA claim against any defendants. Although Plaintiff alleges that he has a qualified disability, he fails to state what, if any, programs or services he has been excluded from by reason of his disability. *Lovell*, 303 F.3d at 1052. Plaintiff's conclusory statement that prison officials barred Plaintiff from participating in the only

federal vocational activities/services is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, Plaintiff has not stated an ADA claim against any defendants.

## IV. Conclusion and Order

Plaintiff's complaint fails to state any cognizable federal claims against any defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is further advised that the Court cannot direct the United States Marshal to effect service of process for any cognizable claims in an amended complaint until Plaintiff is able to provide the identity of at least one defendant.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

///

      3.      Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 23, 2014**        /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE